The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



Russ Kendig
United States Bankruptcy Judge

**Dated: 03:38 PM August 13, 2021**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| TEMPLAR COMPANIES, LLC, | ) | CASE NO. 21-60255 |
| | ) | |
| Debtor. | ) | ADV. NO. 21-6017 |
| | ) | |
| SCOTT C. SWEARINGEN, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| TEMPLAR COMPANIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant-debtor Templar Companies, LLC ("Debtor") moved to dismiss *pro se* plaintiff Scott Swearingen's ("Plaintiff") complaint. Plaintiff opposes the relief. He also filed a "Supplemental Complaint Adversary Proceeding" while the motion to dismiss was pending.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio.

1

General Order 2012-7. This is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(J) and the court has authority to enter final orders in this matter. Pursuant to 28 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## **DISCUSSION**

Debtor brings its motion under Federal Bankruptcy Rule 7012, which incorporates Federal Rule of Civil Procedure 12 into bankruptcy practice. Specifically, Debtor argues that Plaintiff failed to state a claim under Rule 12(b)(6) because Plaintiff seeks to deny Debtor's discharge under 11 U.S.C. § 727(a)(2) (A) and (B) when Debtor is not entitled to a discharge per 11 U.S.C. § 727(a)(1).

In assessing the merits of the motion to dismiss, the court must review the allegations of the complaint in the light most favorable to Plaintiff. Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). The motion "should only be granted when the court, upon review of the complaint, is convinced that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Garzoni v. K-Mart Corp. (In re Garzoni), 35 Fed.Appx. 182, 184 (6th Cir. 2002) (unreported) (citations omitted).

Even if Plaintiff can prove every single allegation of his complaint, it is of no avail. Unless debtor is an individual, a discharge will not be entered. 11 U.S.C. § 727(a)(1). A limited liability company is not an individual and cannot obtain a discharge. In re Newbury Operating, LLC, 2021 WL 1157977, * 9 (Bankr. S.D.N.Y. 2021) (unpublished); In re Geo-Exploration, LLC, 2018 WL 513260, *1 (Bankr. D. Okla. 2018) (unreported); In re Hanson, 432 B.R. 758, fn. 1 (Bankr. N.D. Ill. 2010). Attempting to deny Debtor a discharge is futile.

The court notes that Plaintiff filed a "supplemental" complaint alleging the failure of Debtor to disclose the interest in a separate LLC. The court will, for the sake of this argument, ignore the procedural deficiency of this pleading. Accepting the allegation as true, and Debtor failed to list an interest in N and W Cole Mine, LLC, Plaintiff faces the same, insurmountable hurdle: Debtor is not going to get a discharge from the court so attempting to deny discharge under § 727 is nonsensical.

A separate order granting Debtor's motion to dismiss will be issued immediately.

#      #      #

**Service List:**

Scott C. Swearingen
1938 11th Street, S.W.
Akron, OH 44314

Steven Heimberger
Roderick Linton Belfance LLP
50 South Main Street
Suite 1000
Akron, OH 44308